ROCHELL A. NORRIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Norris
Docket No. 27203-91
United States Tax Court
T.C. Memo 1992-676; 1992 Tax Ct. Memo LEXIS 730; 64 T.C.M. (CCH) 1383; November 25, 1992, Filed *730 Decision will be entered for respondent. Rochell A. Norris, pro se. For Respondent: William F. Halley. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180 and 182. [1]
The main issue is whether petitioner fully reported his wage income for 1988, and, if not, whether he is liable for the addition to tax for negligence. Respondent determined that petitioner had a deficiency in his 1988 Federal income tax in the amount of $ 609, and that he was liable for an addition to tax for negligence under section 6653(a)(1) in the amount of $ 30. None of the facts were stipulated. Petitioner resided at Atlantic City, New Jersey, when he timely filed his petition herein. Respondent contends that petitioner failed to report $ 7,034 of his wage income for 1988. Petitioner *731 attached three W-2 Forms to his 1988 Federal income tax return. These forms, and the wage income reported thereon, were as follows: Company
Wages
Kiker Roofing Company
$  3,922.25
Thomas Roof & Sheet Metal Co.
21,253.12
Aulffo Roofing, Inc.
577.70
Total
25,753.07
Petitioner, however, made an arithmetical mistake in adding the wages shown on the three W-2 Forms and entered on his return the erroneous total of $ 22,751.07. Thus, he understated the income he reported from the three W-2 Forms by $ 3,002. In addition, petitioner failed to report wage income received in 1988 from Ray Sykes & Co., in the amount of $ 4,033.73. Thus, petitioner's total income received from wages was $ 29,786.80. This amount is $ 7,035.73 [2] less than that reported by petitioner. Petitioner was quite concerned that respondent had not allowed him claimed dependency deductions for two children. These dependency *732 exemptions had apparently been the subject of Internal Revenue Service audits of earlier years. We have examined petitioner's tax return for 1988 upon which the two children were claimed, as well as the deficiency notice mailed to petitioner for 1988, and it is clear that petitioner was allowed the two dependency exemptions. We spent substantial time with petitioner, both on the record and in a chamber conference, advising petitioner of this point, but he was unwilling to accept it. [3]
Petitioner, however, did not deny that he had received the income from Ray Sykes & Co. Petitioner bears the burden of proving respondent's determination is incorrect. Rule 142(a); . He did *733 not meet his burden. Respondent determined that petitioner was liable for an addition to tax for negligence under section 6653(a)(1). Negligence under section 6653(a)(1) is lack of due care, or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Respondent's determination that petitioner's underpayment of tax was due to negligence or intentional disregard of rules or regulations is "presumptively correct and must stand unless the taxpayer can establish that he was not negligent." , affg. . Petitioner failed to offer any explanation for not reporting the wage income he received from Ray Sykes & Co. Accordingly, he has failed to meet his burden of showing he is not liable for the addition to tax for negligence. Lastly, petitioner claimed that respondent had already conceded all issues in this case and presented for the Court's review an IRS Release from Levy form dated December, 1988. This form, however, related to earlier years. *734 Petitioner's 1988 tax return was not filed until the spring of 1989. For the reasons stated above, Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The small difference from respondent's determination of $ 7,034 presumably results from rounding off cents.↩
3. We note also that petitioner failed to claim the standard deduction of $ 3,000 on his return. Respondent corrected this error by allowing both the standard deduction and the three exemptions for petitioner and the two children in arriving at petitioner's taxable income.↩